IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LA RESOLANA ARCHITECTS, P.A.
A New Mexico Corporation,

                    Plaintiff,

v.

RENO, INC., d/b/a CLAY REALTORS ANGEL FIRE,
A New Mexico Corporation,

SOUTHWEST INVESTMENT TRUST, L.P.
A New Mexico Limited Partnership,

                                         No. Civ. 05-01017 PJK/RHS

LANCE K. CLAY,
Individually,

GARY PLANTE,
Individually,

ANGEL FIRE HOME DESIGN,
A New Mexico Corporation,

                    Defendants.

**REQUESTED FINDINGS AND CONCLUSIONS
OF DEFENDANTS GARY PLANTE AND
SOUTHWEST INVESTMENT TRUST, LP**

Defendants Gary Plante ("Plante") and Southwest Investment Trust, LP

("SWInvestment") (collectively "Plante/SWInvestment") submit the following requested

findings of fact and conclusions of law in accordance with the Pretrial Order entered on May 22,

2006.

**FINDINGS OF FACT**

1.      Plante attended a single meeting at the offices of Preferred Building Systems in

December, 1996 for the purpose of gathering information about modular homes for the

contemplated subdivision in Angel Fire which later became known as Country Club Villas

("Villas").  (Note: Plaintiff uses the "Community," Clay "Tract C" to refer to the same development.)

2.      At the time of the December 1996 meeting, Plante, Lance Clay and Dan Behles were considering the possibility of forming a partnership, joint venture or some other form of association to carry out the contemplated Villas subdivision project.

3.      Between January 10, 1997 and March 27, 1997, during the time when Hilchey allegedly directed a series of fax transmissions to Plante of preliminary floorplans, elevations and site plans which are not at issue, no decision had been made as whether Plante or SW INVESTMENT would participate in the Villas subdivision project.  Plante has no recollection of receiving any of the fax transmissions allegedly sent by Hilchey during this period of time.  Plante has no recollection of forwarding any of the alleged fax transmissions from Hilchey to Clay or anyone else.

4.      Hilchey did not direct a fax transmission, mail or hand delivery to Plante of the floorplan and elevation which became the subject of U.S. Copyright Registration No. VA 1-257-022. Further, Plante has no recollection of ever receiving this floorplan and elevation from Larry Jones or forwarding any floorplan or elevation to Clay.

5.      In the early part of 1997, Clay communicated to Plante that the Village of Angel Fire had would not approve the utilization of modular homes for the potential Villas subdivision.

6.      After receiving this information Plante, for himself and on behalf of SW INVESTMENT, and Behles decided to pass on the contemplated Villas subdivision project.

7.      At all relevant times, SW INVESTMENT held title to the real property on which the Villas subdivision would be built, known as "Tract C."  After the decision was made to pass on the Villas subdivision project, SW INVESTMENT made a commitment to Clay to sell Tract

C to Clay in increments if Clay obtained the necessary approvals from the Village of Angel Fire and the Architectural and Environmental Control Committee ("ACC").  This commitment was subsequently formalized in the purchase agreement executed by SW INVESTMENT and Clay on or about November 20, 1998.

8.      Even prior to the early-1997 decision to pass on the Villas subdivision project, Plante had left the design of the patio homes being considered for the Villas subdivision to Clay as Clay had a clear idea of what he thought would work on the property and in the real estate market in the Angel Fire area.

9.      Plante/SW INVESTMENT were not advised by Clay that he had decided to engage Angel Fire Home Design ("Home Design") to draft plans for a site-built patio home for use in the Villas subdivision.  Plante/SW INVESTMENT had no knowledge as to whether Clay had used any of the plans drawn by Hilchey to have plans drawn by Home Design, with or without Hilchey's permission.

10.     The construction plans drawn by Home Design were never shown to Plante/SW INVESTMENT, nor did Clay communicate to Plante these plans were even drafted.  At no time did Plante/SW INVESTMENT have any direct contact with Home Design ("Home Design") with respect to the floorplan and elevations prepared for the Villas subdivision.

11.     Even if Clay had utilized Hilchey's services, Plante/SW INVESTMENT would not have compensated Hilchey as Preferred Building Systems placed the architectural fees into their construction price.  As SW Investment was only selling individual lots to Clay, it would not have been responsible for any of the construction costs.

12.     Clay constructed his first home in 2000, over 3 years after the December 1996 meeting. Clay never provided Plante/SW INVESTMENT with a copy of the plans for what had

been built.

13.     Plante/SW INVESTMENT had no involvement with the process of obtaining the approvals from the Village of Angel Fire and the ACC.

14.     Plante/SW INVESTMENT made no representations to any third parties as to the source of the design for the Villas patio home, whether the design had been prepared by a licensed architect or any other aspect of the quality or nature of the design.

15.     Plante/SW INVESTMENT did not make any representations (misleading or not) concerning the design for the Villas patio home in connection with the sale, lease, rental or loan of any goods or services or in connection with the extension of credit or the collection of debts.

16.     Plante/SW INVESTMENT did not use any of the plans drawn by Hilchey or Home Design for any marketing or advertising purpose.

17.     Plante/SW INVESTMENT have not shared in any gains or profits earned by Clay in the course of the Villas subdivision project.

18.     Plante/SW INVESTMENT have not been responsible for any losses suffered by Clay in the course of the Villas subdivision project.

19.     Plante/SW INVESTMENT have not been responsible for any costs associated with the course of the Villas subdivision project.

20.     Plante/SW INVESTMENT never possessed the right to control any aspect of the Villas subdivision project aside from the decision to sell lots to Clay.

21.     Plante had not visited Angel Fire between 1993 and the filing of this litigation.

22.     Clay was not an agent of Plante/SW INVESTMENT.

23.     Clay had no authority to act on behalf of Plante/SW INVESTMENT.

4.     Plaintiff was fully aware of Plante/SW INVESTMENT's limited involvement in

the project before the filing of this suit.

## CONCLUSIONS OF LAW

1.      Plante/SW INVESTMENT did not directly infringe on plaintiff's copyrights.

2.      Plante/SW Investment did not engage in contributory infringement of plaintiff's copyrights.

3.      Plante/SW INVESTMENT did not enter into a formal or informal partnership, joint venture or other type of association with Reno, Inc. or Lance Clay to promote, advertise, sell or build the patio homes.

4.      Plante/SW INVESTMENT has no vicarious liability for the acts of Reno, Inc. or Clay.

5.      Plante/SW INVESTMENT did not make any representations to any person regarding plaintiff's copyrighted works or the plans drawn by Angel Fire Home Design.

6.      Plante/SW INVESTMENT did not use plaintiff's copyrighted works to promote, advertise, sell or build the patio homes.

7.      Plante/SW INVESTMENT did not repackage plaintiff's copyrighted works.

Respectfully submitted,

Attorneys for Defendants Gary Plante and SW Investment Trust, LP

MONTGOMERY & ANDREWS; PA

By: _____
            Randy S. Bartell
            Jeffery J. Wechsler
325 Paseo de Peralta
Santa Fe, NM 87501
(505) 986-2504

and

Michael Plante
P.O. Box 67824
Albuquerque, NM 87193
(505) 315-1832

I hereby certify that a copy
of the foregoing pleading
was transmitted by electronic mail
to the following parties on
the 30th day of May, 2006:

Kevin L. Wildenstein, Esq.
9400 Holly Avenue, Bldg. 4, Suite H
Albuquerque, New Mexico 87122
Attorney for Plaintiff La Resolana Architects, P.A.
And Southwest Intellectual Property Services, LLP
klw@swiplaw.com

H. Brook Laskey
Miller Stratvert PA
P.O. Box 25687
Albuquerque, NM 87125
laskey@mstlaw.com

DeWitt M. Morgan
Rodey, Dickason, Sloan, Akin, & Robb PA
P.O. Box 118
Albuquerque, NM 87103-1888
Attorneys for Lance K. Clay and Reno, Inc.,
d/b/a Clay Realtors Angel Fire
mmorgan@rodey.com


By:_____
        Randy S. Bartell